ORIGINAL

FILED
NOV 17 2003
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| SIMONE ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF DEFENSE, DEFENSE LOGISTICS AGENCY, DEFENSE PERSONNEL SUPPORT CENTER, DEFENSE SUPPLY CENTER - PHILADELPHIA, DEFENSE FINANCE AND ACCOUNTING SERVICE, DEFENSE CONTRACT MANAGEMENT COMMAND, DIRECTORATE OF CLOTHING AND TEXTILE, jointly, severally and in the alternative,<br><br>Defendants. | No. 03-2671C<br><br>Judge__________ |

**COMPLAINT FOR JUST COMPENSATION AND DAMAGES AND DEMAND FOR TRIAL BY JURY**

**Parties**

1. Plaintiff, Simone Anderson ("Ms. Anderson"), at all times herein is an individual and a citizen of the United States of America, residing at 109 North Dover Avenue, Atlantic City, in the State of New Jersey and was employed as an Electronic Commerce Analyst by the defendants named herein.

2. Defendant, United States of America ("U.S.A."), at all times herein, is a governing body with authority, control and powers of supervision over the various defendants named herein.

3. Defendant, Department of Defense ("DOD"), at all times herein, is an agent of the defendant, U.S.A., with authority, control and powers of supervision over the various defendants named herein.

4. Defendant, Defense Logistics Agency ("DLA"), at all times herein, is an agent of the Defendants, U.S.A. and DOD, and has offices at 700 Robbins Avenue, Philadelphia, Commonwealth of Pennsylvania 19111-5092. Said defendant acts with authority, control and powers of supervision over the various defendants named herein.

5. Defendant, Defense Personnel Support Center ("DPSC"), at all times herein, is an agent of the defendants, U.S.A. and DOD, and acts with authority, control and powers of supervision over the various defendants named herein.

6. Defendant, Defense Supply Center - Philadelphia (DSC-P"), is an agent of the defendants, U.S.A., DOD and DLA, is Ms. Anderson's previous employer and acts with authority, control and powers of supervision over the various defendants named herein.

7. Defendant, Defense Finance and Accounting Service ("DFAS"), is an agent of the defendants, U.S.A., DOD and DLA, and acts with authority, control and powers of supervision over the various defendants named herein.

8. Defendant, Defense Contract Management Command ("DCMC"), is an agent of the defendants, U.S.A., DOD and DLA, and acts with authority, control and powers of supervision over the various defendants named herein.

9. Defendant, Directorate of Clothing and Textile ("DCT"), is an agent of the defendants, U.S.A., DOD and DLA, and acts with authority, control and powers of supervision over the various defendants named herein.

10. Collectively, all defendants are referred to as "the Defendants".

**Jurisdiction**

11. This Court has subject matter jurisdiction pursuant to the Tucker Act, 28 U.S.C. §1491(a)(1), as the claims set forth herein are founded in the Constitution, or an Act of Congress, or regulation of the executive department, or upon an express or implied contract with the United States, for unliquidated damages not sounding in tort.

**Operative Facts**

12. Ms. Anderson was previously employed as an Electronic Commerce Analyst by the Defendants.

13. At the time of Ms. Anderson's employment, the Defendants had an incentive program in place whereby an employee would be monetarily compensated by the Defendants if the employee made a suggestion that was subsequently implemented by the Defendants at a cost savings to Defendants. The incentive program called for monetary awards paid in relation to tangible benefits realized, for example, money saved, as a result of the Defendants' implementation of the suggestion .

14. In the years and months leading up to November of 1997, the Defendants, and in particular, DCT, were experiencing difficulties regarding collection of payments owed to the Defendants and the close out of contracts held by them with various contractors, companies and/or other entities.

15. On November 17 and 18, 1997, Ms. Anderson submitted an Employee Suggestion, SCR Number USPOH-7-998 Revision 1 ("Suggestion"), to Defendants as a proposal to rectify the problem which made necessary changes to the SAMMS program to allow the purchasers to utilize another disbursing office for payments when awarding contracts. In so doing, the contractors, companies and/or entities would receive payments from the Defendants in a substantially lesser amount of time than under the existing system and procedures. As a result of this time change, the Defendants saved a substantial amount of dollars in expenses.

16. The Defendants received Ms. Anderson's Suggestion on November 18, 1997 via hand-delivery by Ms. Anderson at a meeting of her superiors. The Defendants also received an additional copy of Ms. Anderson Suggestion on November 19, 1997.

17. The Defendants subsequently officially implemented Ms. Anderson's Suggestion.

18. As a result of Plaintiff's suggestion, Defendant has saved approximately $4 million to $1.5 billion annually.

19. Although the Defendants implemented Ms. Anderson's suggestion, they failed to provide her with just compensation pursuant to the incentive program.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

20. The Defendants' official adoption and implementation of Ms. Anderson's Suggestion created a contract implied-in-fact between the parties.

21. The Defendants realized tangible benefits as a result of their official adoption of Ms. Anderson's Suggestion in the amount of approximately $4 million to $1.5 billion annually.

22. Pursuant to the Defendants' incentive program, Ms. Anderson was entitled to the maximum award of $25,000.00 with the potential for an additional presidential award of up to $10,000.00.

23. The Defendants failed to tender to Ms. Anderson her monetary award under the incentive program. The Defendants failure to do so is a breach of the aforesaid contract implied-in-fact.

24. As a direct and proximate result of the Defendants' breach, Ms. Anderson has been damaged in the minimum amount of $35,000 plus interest, costs and reasonable attorney's fees.

**WHEREFORE**, Plaintiff, Simone Anderson, demands judgment on this Court against the Defendants, United States of America, Department of Defense, Defense Logistics Agency, Defense Personnel Support Center, Defense Supply Center - Philadelphia, Defense Finance and Accounting Service, Defense Contract Management Command, Directorate of Clothing and Textile, jointly, severally and in the alternative, for damages in accordance with all applicable laws, including compensatory damages of $35,000 together with interest, costs, reasonable attorney's fees and for such other relief as this Court may deem just.

**SECOND CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**

25. Plaintiff, Simone Anderson, realleges and incorporates by this reference all of the preceding allegations, and further alleges as follows:

26. The Defendants have been unjustly enriched in the amount of $35,000 based on its failure to compensate Ms. Anderson.

**WHEREFORE**, Plaintiff, Simone Anderson, demands judgment on this Court against the Defendants, United States of America, Department of Defense, Defense Logistics Agency, Defense Personnel Support Center, Defense Supply Center - Philadelphia, Defense Finance and Accounting Service, Defense Contract Management Command, Directorate of Clothing and Textile, jointly, severally and in the alternative, for damages in accordance with all applicable laws, including compensatory damages of $35,000 together with interest, costs, reasonable attorney's fees and for such other relief as this Court may deem just.

**TAKE NOTICE**, Plaintiff hereby demands a trial by jury in the instant matter.

Saul J. Steinberg
SUFRIN ZUCKER STEINBERG
& WIXTED, P.C.
519 Federal Street
Suite 503
Camden, NJ 08103
(856) 365-0080
fax (856) 338-0217

Counsel for Plaintiff

Dated: November 14, 2003