IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SIMONE ANDERSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2671C (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint of plaintiff, Simone Anderson ("Ms. Anderson"), defendant admits, denies, and alleges as follows:

**Parties**

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. The allegations contained in paragraph 2 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted.

3. The allegations contained in paragraph 3 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, defendant denies that the United States Department of Defense has authority, control and powers of supervision over the United

States, otherwise admits the remaining allegations of paragraph 3.

4. The allegations contained in the first sentence of paragraph 4 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, defendant admits that the Defense Logistics Agency is an agent of the United States and the United States Department of Defense, otherwise denies the remaining allegations of the first sentence of paragraph 4. The allegations contained in the second sentence of paragraph 4 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Defendant further avers that Defense Personnel Support Center no longer exists.

6. The allegations contained in paragraph 6 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, defendant admits that the Defense Supply Center - Philadelphia is plaintiff's previous employer and that the Defense Supply Center - Philadelphia is an agent of the United States, the United States Department of Defense and the Defense Logistics Agency, otherwise denies the remaining allegation of paragraph 6.

7. The allegations contained in paragraph 7 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, defendant admits that the Defense Finance and Accounting Service is an agent of the United States and the United States Department of Defense, otherwise denies the remaining allegation of paragraph 7.

8. The allegations contained in paragraph 8 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Defendant further avers that the Defense Contract Management Command has been renamed the Defense Contract Management Agency and was split off from the Defense Logistics Agency.

9. Denies.

10. The allegations contained in paragraph 10 are plaintiff's characterization of her case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**Jurisdiction**

11. The allegations contained in paragraph 11 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**Operative Facts**

12. Admits that plaintiff was previously employed by the Defense Supply Center - Philadelphia, otherwise denies the remaining allegations of paragraph 12 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

13. Admits the allegations contained in paragraph 13, to the extent consistent with our responses to paragraphs 1 through 12, which are incorporated by reference.

14. Denies.

15. Admits the allegation contained in the first sentence of paragraph 15 that plaintiff submitted an employee suggestion, otherwise denies the remaining allegations contained in the first sentence of paragraph 15. Denies the allegations contained in the second sentence of paragraph 15. Denies the allegations contained in the third sentence of paragraph 15.

16. Admits the allegations contained in paragraph 16, to the extent consistent with our responses to paragraphs 1 through 15, which are incorporated by reference.

17. Denies.

18. Denies.

19. Denies.

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**

20. The allegations contained in paragraph 20 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. Denies.

22. The allegations contained in paragraph 22 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in the first sentence of paragraph 23 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, defendant admits that plaintiff has received no monetary award on the incentive program, otherwise denies the remaining allegations of the first sentence of paragraph 23. The allegations contained in the second sentence of paragraph 23 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

25. Denies that plaintiff is entitled to the relief requested in the paragraph following paragraph 24, or to any relief whatsoever.

**SECOND CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**

26. Defendant's responses to paragraphs 1 through 24 of the complaint are incorporated by reference.

27. The allegations contained in paragraph 26 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. Denies that plaintiff is entitled to the relief requested in the paragraph following paragraph 26, or to any relief whatsoever.

29. Denies each and every allegation not previously admitted or otherwise qualified.

30. Denies that plaintiff is entitled to a jury trial in this Court.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

OF COUNSEL:
Sandra L. Guydon
Trial Attorney
Defense Supply Center
Philadelphia

March 16, 2004

Attorneys for Defendant

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 16th day of March 2004, a copy of the foregoing Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I hereby further certify under penalty of perjury that on this 8th day of January 2004 I caused to be placed in the United States mail (first-class mail, postage prepaid) copies of "MOTION TO EXTEND" addressed as follows:

Saul J. Steinberg
SUFRIN ZUCKER STEINBERG
& WIXTED, P.C.
519 Federal Street
Suite 503
Camden, NJ 08103

s/Steven M. Mager