**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SIMONE ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF DEFENSE, DEFENSE LOGISTICS AGENCY, DEFENSE PERSONNEL SUPPORT CENTER, DEFENSE SUPPLY CENTER - PHILADELPHIA, DEFENSE FINANCE AND ACCOUNTING SERVICE, DEFENSE CONTRACT MANAGEMENT COMMAND, DIRECTORATE OF CLOTHING AND TEXTILE, jointly, severally and in the alternative,<br><br>Defendants. | : | No. 03-2671C<br>(Judge Allegra) |

**PLAINTIFF'S UNOPPOSED MOTION TO EXTEND DISCOVERY FOR 180 DAYS**

Pursuant to Rule 6(b) and 6.1 of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff respectfully requests an enlargement of time of 180 calendar days, to and including July 27, 2004, to complete discovery in the above-captioned matter. This is plaintiff's first request for an enlargement of time for this particular issue. Counsel for plaintiff has spoken with and discussed this issue with Steven M. Mager, Esquire, attorney for the defendant, from the Department of Justice. Mr Mager indicated that he will not file an opposition to this request for an extension of time.

The additional time is required for counsel to conduct the depositions of the plaintiff and four (4) witnesses, Vivian Hill, Raymond Breuninger, Donald C. Andrews and Lillian Leone, and to exchange documents. During the discovery period, defendant's counsel

served plaintiff's counsel with its first request to produce documents and a discussion between counsel occurred wherein the deposition of the plaintiff and the four (4) witnesses were to be scheduled. However, due to some confusion, the depositions did not take place and the response to the request to produce documents was not completed.

The discovery deadline was January 7, 2005. This request is therefore being made out of time and upon the basis of excusable neglect. Counsel for Plaintiff is a solo practitioner and during the Fall months of 2004 began negotiations to assume an additional law practice and office in another County due to that attorney's imminent retirement. In addition, plaintiff's counsel encountered difficulties with the office's diarying software, TimeMatters 5.0. Certain information was lost causing scheduling and deadline difficulties which contributed to this Motion being filed out of time.

The undersigned hereby certifies that he has notified his client, the plaintiff, that the motion for enlargement is being filed out of time.

For the foregoing reasons, plaintiff respectfully requests that the Court grant this Motion for an enlargement of time.

Respectfully submitted,

s/ Matthew V. Portella, Esquire
MATTHEW V. PORTELLA, ESQUIRE
126 White Horse Pike
Haddon Heights, New Jersey 08035
856-310-9800
(Fax): 856-546-4711
mvpmusic@comcast.net

Attorney for Plaintiff

CERTIFICATE OF FILING/SERVICE

I hereby certify under penalty of perjury that on this 27th day of January 2005, a copy of the foregoing “PLAINTIFF’S UNOPPOSED MOTION TO EXTEND DISCOVERY FOR 180 DAYS” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

I hereby further certify under penalty of perjury that on this 27th day of January 2005, that I caused to be placed in the United States mail (first class mail, postage prepaid) and via facsimile copies of the aforesaid “PLAINTIFF’S UNOPPOSED MOTION TO EXTEND DISCOVERY FOR 180 DAYS” addressed as follows:

Steven Mager, Esquire
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
fax (202) 307-0972

s/ Matthew V. Portella, Esquire