CURRENT PROCEDURE:

Right now everything that is input to SAMMS with pay office "16" (ODO) goes directly into MOCAS with a highly manual closeout process. It requires the DCMC personnel in charge of doing close-out to check each and every contract. The ODO line goes into Section 1 which is for active contracts. (This contract will stay in that section until receipt of DD250, at which point personnel can then do the closeout after research and moving contract into another section). SAMMS pays line by line for FAST PAY but MOCAS pays by contract. Though the ODO lines that go into MOCAS are paid by SAMMS, the above process is being done by the DCMC personnel who do administration on contracts for C&T.

PROPOSED PROCEDURE:

Propose that when a line is paid in SAMMS, it kick out an automatic flag to the MOCAS system, whether it is based on the FIC or another code. If the FIC is "Q", this is the point when the flag should go out. There should definitely be a key to notify MOCAS personnel which ODO's are already paid. (A copy of the contract file and financial page is attached).

BENEFITS/ADVANTAGES:

1. The delinquency report would be eliminated since SAMMS would do an automatic flag.
2. The amount of manual research and work would also be eliminated or cut down enormously for every person who works in DCMC.
3. The savings would be assumed across the board for all DCMCs.

# SUGGESTION EVALUATION AND TRANSMITTAL

| TO: DESC-RL | FROM: DESC-CPB |
|---|---|
| 1. SUGGESTION NUMBER<br>98-DP-008, Contract Close-out | 2. ORIGINATING ACTIVITY<br>DLA Program Manager-Employee Suggestion Program (ESP) |

3. SUBJECT OF SUGGESTION
Contract Close-out

**SECTION A - ACTION TAKEN OR RECOMMENDED** *(Explain in Item 5 below)*

4. a. ☐ APPROVED FOR ADOPTION ☐ APPROVED PARTIALLY OR WITH MODIFICATION
(1) DATE SUGGESTION WAS/WILL BE IMPLEMENTED ____________
(2) METHOD OF IMPLEMENTATION ____________
(3) AMOUNT OF AWARD RECOMMENDED $ ____________ ☐ SUGGESTION CERTIFICATE ONLY

b. ☐ ADOPTION RECOMMENDED, BUT APPROVAL/IMPLEMENTATION NOT WITHIN AUTHORITY OF THIS OFFICE

c. ☐ RECOMMEND CONSIDERATION FOR WIDER USE

d. ☐ DISAPPROVED

e. ☐ ADOPTION NOT RECOMMENDED, BUT DISAPPROVAL NOT WITHIN AUTHORITY OF THIS OFFICE

f. ☒ OTHER *(Explain in Item 5)*

5. REASONS FOR ACTION TAKEN OR RECOMMENDED
This suggestion originated at the Defense Personnel Support Center, Philadelphia in November of 1997. The local evaluations recommended that the HQs DLA Program Manager ESP have all of the other Defense Logistics Support Command Supply Centers evaluate the proposed suggestion for applicability.

The suggestor is recommending the establishment of a link (system programming change) between the Standard Automated Material Management System (SAMMS), used by many of the DLA Supply Centers and the Mechanization of Contract Administration Services (MOCAS) System, used by Defense Contract Management Command (DCMC), to aid and help simplify the contract close-out process. This link would automatically flag an alert to the MOCAS System that a contract line item has been paid in the the SAMMS System.

The Defense Energy Support Center (DESC) does not use the SAMMS System or the MOCAS System. The DESC contracts are entered into the Defense Fuels Automated Management System (DFAMS). A new system, Fuels Automated System (FAS) is currently being developed for the DESC Inventory Management and Payment functions.

Since DESC does not use either the SAMMS or MOCAS Systems we cannot offer any comments on proposed benefit(s) of this suggestion.

**SECTION B - BENEFITS** *(Complete for all suggestions adopted or recommended for adoption)*

6. TANGIBLE *(Show actual or estimated dollar savings and method used to compute in terms of manhours, personnel spaces, increased output, equipment saved, etc.) (See Items 1, 2, and 3 on reverse)*

7. INTANGIBLE *(Use when tangible benefits cannot be computed, or in addition to tangible benefits when warranted) (See item 4 on reverse)*
a. VALUE OF BENEFIT: ☐ MODERATE ☐ SUBSTANTIAL ☐ HIGH ☐ EXCEPTIONAL
b. EXTENT OF APPLICATION: ☐ LIMITED ☐ EXTENDED ☐ BROAD ☐ GENERAL

| 8. TYPED NAME/ORGANIZATION/TELEPHONE OF EVALUATOR | SIGNATURE | DATE |
|---|---|---|
| DENNIS S. STANLEY<br>Chief, Procurement Oversight Branch | Dennis S. Stanley | 2-17-99 |
| **9. TYPED NAME OF SUPERVISOR OF EVALUATOR** | **SIGNATURE** | **DATE** |
| CHARLES M. KIMBERLY<br>Chief, Procurement Policy and Oversight Division | Charles M. Kimberly | 2-17-99 |

DLA FORM 37, SEP 90 *(EG)* PREVIOUS EDITIONS MAY BE USED. PerFORM PRO (DLA)

CSPO: Concur Sharon T. Murphy 18 Feb 99

OLA 42

# SUGGESTION EVALUATION AND TRANSMITTAL

| | |
|---|---|
| TO:<br>DSCC-DE | FROM:<br>DSCC-B |
| 1. SUGGESTION NUMBER<br>98-DP-008 | 2. ORIGINATING ACTIVITY<br>DPSC |
| 3. SUBJECT OF SUGGESTION<br>Contract Close-Out | |

**SECTION A - ACTION TAKEN OR RECOMMENDED** *(Explain in Item 5 below)*

4\. a. ☐ APPROVED FOR ADOPTION ☐ APPROVED PARTIALLY OR WITH MODIFICATION

(1) DATE SUGGESTION WAS/WILL BE IMPLEMENTED ______

(2) METHOD OF IMPLEMENTATION ______

(3) AMOUNT OF AWARD RECOMMENDED $ ______ ☐ SUGGESTION CERTIFICATE ONLY

b. ☐ ADOPTION RECOMMENDED, BUT APPROVAL/IMPLEMENTATION NOT WITHIN AUTHORITY OF THIS OFFICE

c. ☐ RECOMMEND CONSIDERATION FOR WIDER USE

d. ☒ DISAPPROVED

e. ☐ ADOPTION NOT RECOMMENDED, BUT DISAPPROVAL NOT WITHIN AUTHORITY OF THIS OFFICE

f. ☐ OTHER *(Explain in Item 5)*

5\. REASONS FOR ACTION TAKEN OR RECOMMENDED

The suggestion proposes that when an Other Disbursing Office (ODO) contract closes in SAMMS a transaction is generated notifying MOCAS so DCMC administrators do not have to manually close-out the contact in MOCAS. The Automated Work Request (AWR) UN0H98-004R1 is currently in testing and will permit the automatic closeout of ODO contracts in MOCAS based on the movement of the contract from Contract Administration Report (CAR) Part 2 to CAR Part 5. Completion of this AWR will accomplish the idea of the suggestion.

**SECTION B - BENEFITS** *(Complete for all suggestions adopted or recommended for adoption)*

6\. TANGIBLE *(Show actual or estimated dollar savings and method used to compute in terms of manhours, personnel spaces, increased output, equipment saved, etc.) (See Items 1, 2, and 3 on reverse)*

7\. INTANGIBLE *(Use when tangible benefits cannot be computed, or in addition to tangible benefits when warranted) (See item 4 on reverse)*

a. VALUE OF BENEFIT: ☐ MODERATE ☐ SUBSTANTIAL ☐ HIGH ☐ EXCEPTIONAL

b. EXTENT OF APPLICATION: ☐ LIMITED ☐ EXTENDED ☐ BROAD ☐ GENERAL

| | | |
|---|---|---|
| 8. TYPED NAME/ORGANIZATION/TELEPHONE OF EVALUATOR<br>Thomas Schulkers, DSCC-BPS, 26298 | SIGNATURE<br>Thomas Schulkers | DATE<br>10 Mar 99<br>10 Mar 99 |
| 9. TYPED NAME OF SUPERVISOR OF EVALUATOR<br>Bradley A. Lantz, Director, Corporate Information | SIGNATURE<br>Bradley [signature] | DATE<br>11 Mar 99 |

# SUGGESTION EVALUATION AND TRANSMITTAL

TO: DSCR-RPE

FROM: DSCR-RZP

1. SUGGESTION NUMBER: 98-DP-008

2. ORIGINATING ACTIVITY: DSCP

3. SUBJECT OF SUGGESTION: Contract Closeout

**SECTION A - ACTION TAKEN OR RECOMMENDED** *(Explain in Item 5 below)*

4. a. ☐ APPROVED FOR ADOPTION ☐ APPROVED PARTIALLY OR WITH MODIFICATION
   (1) DATE SUGGESTION WAS/WILL BE IMPLEMENTED
   (2) METHOD OF IMPLEMENTATION
   (3) AMOUNT OF AWARD RECOMMENDED $ ☐ SUGGESTION CERTIFICATE ONLY
   b. ☐ ADOPTION RECOMMENDED, BUT APPROVAL/IMPLEMENTATION NOT WITHIN AUTHORITY OF THIS OFFICE
   c. ☐ RECOMMEND CONSIDERATION FOR WIDER USE
   d. ☐ DISAPPROVED
   e. ☐ ADOPTION NOT RECOMMENDED, BUT DISAPPROVAL NOT WITHIN AUTHORITY OF THIS OFFICE
   f. ☒ OTHER *(Explain in Item 5)*

5. REASONS FOR ACTION TAKEN OR RECOMMENDED

The suggestion points out a valid problem for DCMC. The benefits/advantages listed would not apply to DSCR.

Implementation of the suggestion will require a System Change Request (SCR) to SAMMS. DLA has initiated a project to replace SAMMS and may not accept additional SCRs.

DLSC-PRS advised that the problem is already in the process of being resolved. MOCAS Automated Work Request (AWR) UNOH98-004R1 will automatically closeout ODO contracts/orders in the MOCAS System 30 days after the completion date. Funtional and environmental testing will be accomplished prior to deployment within DCMC.

**SECTION B - BENEFITS** *(Complete for all suggestions adopted or recommended for adoption)*

6. TANGIBLE *(Show actual or estimated dollar savings and method used to compute in terms of manhours, personnel spaces, increased output, equipment saved, etc.) (See Items 1, 2, and 3 on reverse)*

7. INTANGIBLE *(Use when tangible benefits cannot be computed, or in addition to tangible benefits when warranted) (See Item 4 on reverse)*
   a. VALUE OF BENEFIT: ☐ MODERATE ☐ SUBSTANTIAL ☐ HIGH ☐ EXCEPTIONAL
   b. EXTENT OF APPLICATION: ☐ LIMITED ☐ EXTENDED ☐ BROAD ☐ GENERAL

| 8. TYPED NAME/ORGANIZATION/TELEPHONE OF EVALUATOR | SIGNATURE | DATE |
|---|---|---|
| Eva J. Golden, DSCR-RZP DSN 695-6195 | Eva J. Golden | 4/26/99 |
| **9. TYPED NAME OF SUPERVISOR OF EVALUATOR** | **SIGNATURE** | **DATE** |
| Janet P. Price, DSCR-RZP DSN 695-5130 | [signature] | 4-27-99 |

DLA FORM 37, SEP 90 *(EG)* PREVIOUS EDITIONS MAY BE USED. PerFORM PRO (DLA)

# SUGGESTION EVALUATION AND TRANSMITTAL

| TO: DLA-FOP | FROM: DLSC-PRS |
|---|---|
| 1. SUGGESTION NUMBER 98-DP-008 | 2. ORIGINATING ACTIVITY DSCP |

3. SUBJECT OF SUGGESTION
Contract Close-Out

**SECTION A - ACTION TAKEN OR RECOMMENDED** *(Explain in Item 5 below)*

4. a. ☐ APPROVED FOR ADOPTION ☐ APPROVED PARTIALLY OR WITH MODIFICATION
   (1) DATE SUGGESTION WAS/WILL BE IMPLEMENTED ______
   (2) METHOD OF IMPLEMENTATION ______
   (3) AMOUNT OF AWARD RECOMMENDED $ ______ ☐ SUGGESTION CERTIFICATE ONLY

b. ☐ ADOPTION RECOMMENDED, BUT APPROVAL/IMPLEMENTATION NOT WITHIN AUTHORITY OF THIS OFFICE

c. ☐ RECOMMEND CONSIDERATION FOR WIDER USE

d. ☒ DISAPPROVED

e. ☐ ADOPTION NOT RECOMMENDED, BUT DISAPPROVAL NOT WITHIN AUTHORITY OF THIS OFFICE

f. ☐ OTHER *(Explain in Item 5)*

5. REASONS FOR ACTION TAKEN OR RECOMMENDED

The suggestion points out a valid problem. However, this problem is already in the process of being resolved. MOCAS Automated Work Request (AWR) UNOH98-004R1will automatically close-out ODO contracts/orders in the MOCAS System 30 days after the completion date of the contract/order. The AWR is currently being functionally tested. After the functional testing is complete, a two month environmental test will be conducted prior to full deployment within DCMC. The DCMC POC is Vivian Hill, (703)767-2371. 3366

**SECTION B - BENEFITS** *(Complete for all suggestions adopted or recommended for adoption)*

6. TANGIBLE *(Show actual or estimated dollar savings and method used to compute in terms of manhours, personnel spaces, increased output, equipment saved, etc.) (See Items 1, 2, and 3 on reverse)*

7. INTANGIBLE *(Use when tangible benefits cannot be computed, or in addition to tangible benefits when warranted) (See item 4 on reverse)*

a. VALUE OF BENEFIT: ☐ MODERATE ☐ SUBSTANTIAL ☐ HIGH ☐ EXCEPTIONAL

b. EXTENT OF APPLICATION: ☐ LIMITED ☐ EXTENDED ☐ BROAD ☐ GENERAL

| 8. TYPED NAME/ORGANIZATION/TELEPHONE OF EVALUATOR | SIGNATURE | DATE |
|---|---|---|
| Robert L. Gee, DLSC-PRS, (703)767-1439 | Robert L. Gee | 4/13/99 |
| **9. TYPED NAME OF SUPERVISOR OF EVALUATOR** | **SIGNATURE** | **DATE** |
| Denise Mutscheller, DLSC-PRS, (703)767-1394 | Denise Mutscheller | 4/13/99 |

DLA FORM 37, SEP 90 *(EG)* PREVIOUS EDITIONS MAY BE USED. PerFORM PRO (DLA)

# SUGGESTION EVALUATION AND TRANSMITTAL

| | |
|---|---|
| TO:<br>DLA-FOP | FROM:<br>DCMC-OA |
| 1. SUGGESTION NUMBER<br>98-DP-008 | 2. ORIGINATING ACTIVITY<br>DPSC-FBE |

3. SUBJECT OF SUGGESTION
CONTRACT CLOSE OUT

SECTION A - ACTION TAKEN OR RECOMMENDED *(Explain in Item 5 below)*

4. a. ☐ APPROVED FOR ADOPTION ☐ APPROVED PARTIALLY OR WITH MODIFICATION
(1) DATE SUGGESTION WAS/WILL BE IMPLEMENTED ____________
(2) METHOD OF IMPLEMENTATION ____________
(3) AMOUNT OF AWARD RECOMMENDED $ ____________ ☐ SUGGESTION CERTIFICATE ONLY

b. ☐ ADOPTION RECOMMENDED, BUT APPROVAL/IMPLEMENTATION NOT WITHIN AUTHORITY OF THIS OFFICE

c. ☐ RECOMMEND CONSIDERATION FOR WIDER USE

d. ☒ DISAPPROVED

e. ☐ ADOPTION NOT RECOMMENDED, BUT DISAPPROVAL NOT WITHIN AUTHORITY OF THIS OFFICE

f. ☐ OTHER *(Explain in Item 5)*

5. REASONS FOR ACTION TAKEN OR RECOMMENDED
The suggestion to establish an automatic flag to the MOCAS system when other disbursing office (ODO) contracts are paid from SAMMS is disapproved. While this suggestion has some merit, the usefulness of a flag to MOCAS for payment was overcome by buiness decision events. The proposal is to update all line items in MOCAS by some method to show payment has been made. Since MOCAS only posts the final voucher, this would not be possible without a system change to accept these payment notifications. The suggester states that the benefits/advantages of this suggestion would be the elimination of delinquency reports; the amount of manual research and work would be eliminated; and the savings would be assumed across the board for all DCMC. Untimely receipt of contractual documents; i.e., the contract, modifications, and the Material Inspection and Receiving Report (DD Form 250) are major drivers to the delinquency problems. When the DD250 is not received or the information sent through the electronic data interchange (EDI) differs from the hardcopy document and the electronic data access (EDA) information posted, delinquency problems occur. This creates additional work and manual research. In addition, DCMC received authorization to deviate from the requirements of FAR 4.804-5(a) (14) , (15), (b) (9), and DFARS 204.804-2(1) (iv) when administering DLA contracts paid by SAMMS.

SECTION B - BENEFITS *(Complete for all suggestions adopted or recommended for adoption)*

6. TANGIBLE *(Show actual or estimated dollar savings and method used to compute in terms of manhours, personnel spaces, increased output, equipment saved, etc.) (See Items 1, 2, and 3 on reverse)*

7. INTANGIBLE *(Use when tangible benefits cannot be computed, or in addition to tangible benefits when warranted) (See item 4 on reverse)*
a. VALUE OF BENEFIT: ☐ MODERATE ☐ SUBSTANTIAL ☐ HIGH ☐ EXCEPTIONAL
b. EXTENT OF APPLICATION: ☐ LIMITED ☐ EXTENDED ☐ BROAD ☐ GENERAL

| 8. TYPED NAME/ORGANIZATION/TELEPHONE OF EVALUATOR | SIGNATURE | DATE |
|---|---|---|
| for Patty Tellez/DCMC-OA/(703)767-3436/DSN 427-3436 | Vivian Hill | 5/5/99 |
| **9. TYPED NAME OF SUPERVISOR OF EVALUATOR** | **SIGNATURE** | **DATE** |
| Jill E. Pettibone [signature] | [signature] | 5/12/99 |

DLA FORM 37, SEP 90 *(EG)* PREVIOUS EDITIONS MAY BE USED. PerFORM PRO (DLA)

DEFENSE LOGISTICS AGENCY
HEADQUARTERS
8725 JOHN J. KINGMAN ROAD, SUITE 2533
FT. BELVOIR, VIRGINIA 22060-6221

REPLY REFER TO AQ

JUL 1 1997

MEMORANDUM FOR COMMANDERS, DEFENSE CONTRACT MANAGEMENT DISTRICTS
COMMANDERS, DEFENSE SUPPLY CENTERS

SUBJECT: Class Deviation from Federal Acquisition Regulation (FAR) 4.804-5(a)(14),(15), and (b)(9), and Defense FAR Supplement (DFARS) 204.804-2

The Defense Finance and Accounting Service (DFAS) charges for payment services based on which payment system it uses for payment processing. DLA contracts retained for administration are normally paid by the Standard Automation Material Management System (SAMMS). DLA contracts delegated to the Defense Contract Management Command (DCMC) for administration are normally paid by the Mechanization of Contract Administration Services (MOCAS) system. The charges for payments made by SAMMS are significantly less than those made by MOCAS. Therefore, DLA has proposed that firm fixed-price contracts that do not provide for either contract financing or price adjustments be paid by SAMMS, even when delegated to DCMC. Under this proposal, DLA contracts will be administered in MOCAS, but paid by SAMMS.

FAR 4.804-5 provides detailed administration office responsibilities for contract closeout. Specifically, FAR 4.804-5(a)(14) requires verification that a final invoice has been submitted. FAR 4.804-5(a)(15) requires that a contract funds review be completed and that excess funds be identified to the buying office for deobligation. FAR 4.804-5(b)(9) requires that the contract completion statement include the number and date of the final invoice. A deviation to these FAR requirements is necessary because the administration office will not have visibility into the financial transaction to perform these functions when payment is made by SAMMS. Therefore, these contract closeout responsibilities must be performed by the DLA contracting office when payment is made by SAMMS.

DFARS 204.804-2(1)(iv) requires that the final DD Form 1594 or MILSCAP transaction be triggered by the final payment. Since the



Federal Recycling Program Printed on Recycled Paper

administration office will not receive final payment information, a deviation is required to trigger these actions based on receipt of a final DD Form 250.

Therefore, I authorize DCMC contract administration offices to deviate from FAR 4.804-5(a)(14), (15), and (b)(9), and DFARS 204.804-2(1)(iv) when administering DLA contracts paid by SAMMS.

This deviation will not have a significant effect beyond the internal operating procedures of the Agency or have a significant cost or administrative impact on contractors. This deviation is granted pursuant to the class deviation authority delegated by Director, Defense Procurement to Director, DLA by memorandum dated October 2, 1996, and further redelegated to me on October 17, 1996. This deviation expires within 3 years of its date or upon incorporation in Agency regulations, whichever is sooner.

ROBERT W. DREWES
Major General, USAF
Deputy Director
(Acquisition)

DEFENSE LOGISTICS AGENCY
THE DEFENSE CONTRACT MANAGEMENT COMMAND
8725 JOHN J. KINGMAN ROAD, SUITE 2533
FT. BELVOIR, VIRGINIA 22060-6221

JUL 1 1997

REPLY REFER TO AQOC

MEMORANDUM FOR COMMANDERS, DEFENSE CONTRACT MANAGEMENT DISTRICTS

SUBJECT: DCMC Memorandum No. 97- 61, Mechanization of Contract Administration Services (MOCAS) Data Input of Other Disbursing Office (ODO) Contracts (POLICY)

This is a POLICY memorandum. The new policy expires when content is included in DLAD 5000.4, Contract Management (One Book), not to exceed one year. Target Audience: All Administrative Contracting Officers (ACOs), Contract Administration Personnel and Operations Group Chiefs.

Defense Finance and Accounting Service (DFAS) Columbus recently changed their policy to only input contracts they pay. In order for DCMC to perform contract administration on contracts paid by another disbursing office, we must utilize automated systems. Since MOCAS is the Command-wide data base, we must ensure contracts paid by another disbursing office are posted to MOCAS. Effective July 1, 1997, DCMC Contract Administration Offices (CAOs) will assume responsibility for MOCAS data input of future and backlogged ODO contracts.

An ODO is a prime contract assigned to a DCMC CAO for full contract administration and is to be paid by a disbursing office other than DFAS Columbus in the MOCAS system. A contract paid via the Standard Automation Material Management System (SAMMS) would be an ODO, even though DFAS Columbus operates SAMMS. Note: A delegation for support is not an ODO.

The data input will occur in one of two ways: (a) an update of a Military Services Standard Contract Administration Procedures (MILSCAP) or Electronic Data Interchange (EDI) transmission, or (b) manual input of all data base records including the Contingent Liability Record and Line Item Schedule Summary Record. This input should be performed by CAO personnel presently inputting ACO issued contractual documents. ODOs are input in the same manner as a regular contract into the MOCAS system except that a "9" is entered into the PAYG-OFC field on the contract data record, the Department of Defense Address Activity Code (DODAAC) of the ODO is entered into the PAYG-OFC field on the accounting classification data record and a Standard ACO Coded Remark, R9-54, is entered. A processed ODO will reflect the obligated funds as "Obligated Other" and will have a zero unliquidated obligation (ULO). The zero ULO is system generated to prevent the possibility of duplicate payments.

All ODOs will be automatically assigned to Contract Administration Report Part A based on the presence of the R9-54. They will require manual closeout by the ACO through Notice of Last Action (NLA) processing (NLA G and F). The closeout should follow the existing process

for prime contracts except for final payment verification. I have signed a class deviation to Federal Acquisition Regulation (FAR) 4.804-05 (14) and (15), and Defense FAR Supplement 204.804-2 to allow contracts paid in SAMMS to be closed by the ACO without verification of a contractor's final invoice or excess funds review. Note: ODO contracts move to Section 2 automatically based on final (Z) DD 250 processing and balanced line items, or can be manually moved to Section 2 by CAO personnel. Contracts received for DCMC administration which are partial ODOs will continue to require excess fund review and final payment verification for the obligations portion paid in MOCAS prior to closeout.

DLA plans to pay firm fixed-price contracts in the SAMMS system beginning in July, 1997, for contracts that do not provide for either contract financing or price adjustments. It is expected that the Services will also pay certain contracts in payment systems other than MOCAS. This policy will be supplemented to provide specific guidance as these changes occur.

This policy will permit full DCMC Contract Administration in MOCAS of ODO contracts.

The DCMC point of contact for this issue is Bart Hogan, Contract Payment and Business Practices Team, (703) 767-3443 or DSN 427-3443. The Internet address is bart_hogan@hq.dla.mil. CAOs should contact their local Functional and System Support Team for technical assistance.

ROBERT W. DREWES
Major General, USAF
Commander

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

- - - - - - - - - - - - - - - - - - -

SIMONE ANDERSON, )
Plaintiff, ) No. 03-2671C
vs. ) (Judge Allegra)
UNITED STATES OF AMERICA, )
DEPARTMENT OF DEFENSE, DEFENSE )
LOGISTICS AGENCY, DEFENSE PERSONNEL )
SUPPORT CENTER, DEFENSE SUPPLY CENTER )
- PHILADELPHIA, DEFENSE FINANCE AND )
ACCOUNTING SERVICE, DEFENSE CONTRACT )
MANAGEMENT COMMAND, DIRECTORATE OF )
CLOTHING AND TEXTILE, jointly, )
severally and in the alternative, )
Defendants. )

- - - - - - - - - - - - - - - - - - -

Wednesday, May 4, 2005
1:30 p.m.

DEPOSITION OF VIVIAN HILL

CERTIFIED COPY

MOCAS then were paid through SAMMS? Do you remember that at all?

MR. MAGER: Objection. Could you just restate that?

MR. PORTELLA: Sure.

Q. You're familiar with the MOCAS system?

A. Yes.

Q. And although you haven't worked with SAMMS you're aware there's a program called SAMMS?

A. Yes.

Q. Do you know the difference between the two in general terms?

A. Yes.

Q. Tell me what you know the difference to be.

A. I know the difference to be -- the SAMMS is a Defense Logistics Agency system that they -- that DLA uses for contracts that are less than $100,000 and that are paid by defense finance and accounting system SAMMS paid out of another system.

Q. Is that how it operates now, the two systems?

A. MOCAS. I could tell you how MOCAS operates now.

Q. Sure. How does MOCAS operate now specifically with respect to closing out contract lines from ODOs?

A. The way that it operates now is that other disbursing offices -- that's what ODOs mean -- says that MOCAS does not see or does not know when a contractor has been paid. So we have a line item for a good or a service. The only thing that we do know in MOCAS is that we have completed the service or we have shipped the good. We never know whether the contractor has been paid, which is the final step in contract closeout.

So ODOs are closed out based upon final shipment information or a phone call to whoever was supposed to receive the good and service to say they received the good or service.

Q. Okay. Finished?

A. Done.

Q. Okay. Is SAMMS still in existence?

A. As far as I know.

Q. As far as you know are there contracts presently administered through MOCAS but paid through SAMMS?
A. As far as I know, yes.
Q. What happens now when you have a MOCAS-administered contract which is paid through SAMMS and you now need to close out the contract line in MOCAS? What happens?
A. What happens now is just as I described. We know that the item has been shipped. We don't know whether it's been paid.
Q. How do you find out when it's been paid through SAMMS?
A. We don't.
Q. Doesn't that cause problems?
A. It does, yes.
Q. So if MOCAS doesn't know when SAMMS has paid, how do you find out?
A. We don't. Where your policy change -- where your policy comes in is that we decided that's the way it was going to be. The only way we were able to close it out was close it out based

upon shipment. Something shipped. We presume it was paid. We never know that it's been paid.

Q. Do you have any personnel that work with the MOCAS system that calls somebody that works with the SAMMS systems and for example says did you guys pay this line item?

A. I'm sure there are, particularly if the contractor has not been paid. We'll hear from the contractor.

Q. Sure. They want their money, right?

A. They want their money.

Q. So how does MOCAS actually find out when something was paid through SAMMS? You don't?

A. We don't.

Q. Correct me if I'm wrong, but wouldn't logic then tell us there's going to be a lot of open contracts in MOCAS that have already been paid through SAMMS?

A. No.

Q. Okay. Why not?

A. Because we made the decision to go ahead and close the contract out based upon final

shipment information, and we have made a decision that we won't know whether the contractor has been paid.

Q. So in MOCAS then the final decision or the final step would be, okay, it's shipped, we're going to presume it's paid until the contractor calls us and says I didn't get paid?

A. Yes. Unless we hear otherwise.

Q. And how would you hear otherwise?

A. The contractor calls or our customer calls from DLA and says something is not right, or we close out the contract and we have to reopen it because the contractor hasn't gotten paid.

Q. Were there ever steps taken to have SAMMS personnel notify MOCAS personnel when a line item was paid?

A. No. Not that I am aware of.

Q. Are you aware of any functional testing of AWR that would correct this issue?

A. No, I'm not.

Q. You said that we made a decision -- I'm paraphrasing probably what your answer was to my

Q. Okay. D-18 doesn't your signature on it. But there is a memorandum of record that is marked at the bottom OLA 66 that's appendix A, the memorandum for record. What is that? Do you know?

A. This is a memorandum of record, a certification from the DSDC -- the programmers -- that said that the test was certified.

Q. And was that test to implement on that page AWR UN0H98-004R1?

A. Yes.

Q. Ms. Hill, do you know whether or not the suggestion that Ms. Anderson submitted was accepted by the government?

A. It was not.

Q. Do you know if it was implemented?

A. I know definitely it wasn't implemented. No.

Q. Okay. Let's go back to the acceptance. How do you know that it wasn't accepted?

A. Because we still cannot receive any information, payment information, from SAMMS to MOCAS.

OFFICE OF THE UNDER SECRETARY OF DEFENSE

3000 DEFENSE PENTAGON
WASHINGTON DC 20301-3000

August 28, 1996

ACQUISITION AND TECHNOLOGY

DP/CPF

MEMORANDUM FOR DIRECTORS OF DEFENSE AGENCIES
DEPUTY FOR ACQUISITION AND BUSINESS MANAGEMENT, ASN(RD&A)ABM
DEPUTY ASSISTANT SECRETARY OF THE AIR FORCE (CONTRACTING)
DEPUTY, PROCUREMENT POLICY, ASA(RD&A)/SARD-PP
DEPUTY DIRECTOR (ACQUISITION), DEFENSE LOGISTICS AGENCY

SUBJECT: Minimizing Transactions for Others and Transactions by Others at the Defense Finance and Accounting Service (DFAS) Columbus Center

The Director of the Defense Finance and Accounting Service (DFAS) has advised that DFAS-Columbus Center (DFAS-CO) will no longer make disbursements for customers for which DFAS-CO does not have accounting responsibility. Consequently, beginning with Fiscal Year 1997 contracts, the payment office cited on a contract must reflect the office providing accounting support for that contract. The paying office for contracts that have more than one accounting office should be the office that has accounting responsibility for most of the funds.

This policy applies to contracts that are not administered by the Defense Contract Management Command (DCMC). Contracts that are administered by DCMC or issued by the Defense Logistics Agency should continue to cite DFAS-CO for payment.

The DFAS letter of August 12, 1996, announcing this policy is attached for reference. Please take appropriate measures to ensure compliance with this policy. My point of contact for this matter is Mr. Richard Brown. He may be contacted at (703) 695-7197 (e-mail: brownrg@acq.osd.mil) should you have any questions.

Eleanor Spector

Eleanor R. Spector
Director of Defense Procurement

Attachment

USPHQ98'ODS CONT ON

Large Close

Next

To: **david schimmel**
cc: jmaley@dsdc.dla.mil
From: **"VanMeter, Susan L." <svanmeter@dsdc.dla.mil>**
Subject: **FW: Other Disbursing Office (ODO)**

1 Attachments

```
        Dave,

Please see John's email below.  Also,  it would be great if SAMMS could
have it's own SCR with its requirements in it; it makes bookkeeping so
much easier.
If that's a problem, however, we'll manage using the MOCAS one.

Hope this answers all your questions.
> -----------
> From:  Maley, John
> Sent:  Friday, April 10, 1998 1:10 PM
> To:  VanMeter, Susan L.
> Subject:  RE: Other Disbursing Office (ODO)
>
> I was the PM who did the quick look.  541 hours was the SAMMS
> estimate.  There are no DPACS hours included in the 541 hours.  This
> will be a change to the SAMMS mainframe batch procurement system to
> pass notification to MOCAS when SAMMS closes ODO contracts.  Yes, we
> will sked/develop on timeline along w/ MOCAS.
>
>
>
> John Maley
> DSN 850-8299
>
> -----Original Message-----
> From: VanMeter, Susan L.
> Sent: Friday, April 10, 1998 12:55 PM
> To: Maley, John
> Subject: FW: Other Disbursing Office (ODO)
>
> John,
>
> Can you answer Dave's questions?  Please forward reply to me; I'll add
> the answers for the paragraph about whether we want a separate SCR for
> SAMMS (I say yes; it makes bookkeeping easier).    Then I'll forward
> the combined answer (Yours and mine) to Dave.
>
> If you are not the PM who did this estimate, please let me know.  It
> may have been Renee.
>
> Susan
>
> -----------
> From:
> david_schimmel@hq.dla.mil[SMTP:david_schimmel@hq.dla.mil]
> Sent:  Friday, April 10, 1998 12:26 PM
> To:  VanMeter, Susan L.
> Cc:  chris_bruno@hq.dla.mil
> Subject:  Other Disbursing Office (ODO)
>
```



ATTACHMENT 2

```
>       I have a cy of SCR UNOOH8-004 fr AQ (MOCAS) entitled "ODO R-9
> Add'n."
>       In add'n to 2327 hrs for MOCAS cost est, cites 541 hrs ($30,967)
> for
>       "SAMMS."  Questions:
>
>       o  Is this reflection of a formal est you gave MMP?
>
>       o  Your Procurement Subsys or Financial Subsys or both equally?
>
>       o  Is there any DPACS work hidden in "SAMMS" estimate, or is it
>
>          strictly SAMMS/MOCAS split?
>
>       o  For documentat'n of SAMMS piece to incl your verification of
> cost
>          est & our (DLSC-I) funding of your piece, should we (1)
> promulgate
>          the MOCAS SCR & Nbr in our respective tracking DBs (2)
> duplicate
>          the rqmt on a SAMMS SCR (stipulating interface in conjunction
> with
>          MOCAS nbr) to isolate your estimate/funding/WBS or (3) try to
> have
>          someone write an SCR specific ONLY to SAMMS?
>
>          (1) is easy way out tho we're left w/ SCR to process/flow
> different
>          directions to dif people thru various steps.
>          (2) might be cleaner for admin flow/recordation/tracking.
>          (3) is probably unnecessary add'l work.
>
>       o  Assume you're well aware of this & prepared to sked/develop on
>
>          timeline along w/ MOCAS.  Right?  Conflicts with current
> projects?
>          (Which ones/which subsys?).
>
>       Please let me know.  Thanks, Dave
>
>
```

- 63 -

OLA 210