No. 03-2671C
Judge Allegra

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

SIMONE ANDERSON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

DONALD E. KINNER
Assistant Director

STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St. NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

October 20, 2005

Attorneys for Defendant

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SIMONE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2671C |
| v. | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION <u>TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>**

Pursuant to Rules 7.1(c) of the Rules of United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits its reply to plaintiff's response to defendant's motion to dismiss or, in the alternative, for summary judgment.

In our initial motion, we established that the employee suggestion award statute and the relevant Defense Logistics Agency ("DLA") manual do not entitle Ms. Anderson to any money damages, and that the Court should therefore dismiss this action for lack of subject matter jurisdiction. Further, even assuming that such statute might give rise to an implied in fact contract in certain instances, we established that the United States was entitled to summary judgment on the complaint because Ms. Anderson could not establish the existence of such a contract. Ms. Anderson's response fails to successfully rebut these arguments.

Accordingly, we respectfully request that this Court grant the United States' motion to dismiss, or, in the alternative, motion for summary judgment.

## ARGUMENT

### I. Plaintiff Fails To Demonstrate That the Employee Suggestion Award Statute And The DLA Manual Entitle Ms. Anderson To Money Damages

In our initial brief, we demonstrated that the statutory language relied upon by the claimant, was "permissive and not mandatory" and did not give rise to a claim of money damages against the United States. Collins v. United States, 67 F.3d 284, 286 (Fed. Cir. 1995); Rosano v. United States, 9 Cl. Ct. 137 (1985), aff'd, 800 F.2d 1126 (Fed. Cir. 1986) (Table), cert. denied, 480 U.S. 907 (1987). The statute and the implementing manual merely provides that the head of an agency "may pay a cash award to" an employee. 5 U.S.C. § 4503 (emphasis added). See Def. App. 1-31 (DLAM 1432.1 (October 19, 1987)).

In her response, Ms. Anderson cites to Doe v. United States, 100 F.3d 1576, 1580-82 for the proposition that the statutory language "may award and pay" is money mandating under certain conditions. Plaintiff, however, reads too much into the Doe decision. While the United States Court of Appeals for the Federal Circuit (the "Federal Circuit") held that the "may award" language was money mandating in the context of the moiety statute at issue in that case, the Federal Circuit based this ruling upon the long legislative history of the moiety statute and a clear congressional intent that "may" in the context of the moiety statute "has long been understood to mandate the payment of award." Id. at 1581. See also Hopi Tribe v. United States, 55 Fed. Cl. 81, 90-91 (2002) (distinguishing Doe). At the same time, the Federal Circuit expressly acknowledged the strength of the Government's argument that the plain meaning of the phrase "may award" would normally not be money mandating. Id. (citing Adair v. United States, 648 F.2d 1318 (Ct. Cl. 1981)). Accordingly, Doe cannot be properly read to stand for the proposition

that when the plain text of a statute provides that the agency head "may award" a cash reward, the statute is money mandating. Rather, Doe affirms that, absent a demonstration of clear congressional intent to the contrary, such "may award" language is not money mandating and does not give rise to enforceable expectations.

In the present case, the plain text of the statute provides for purely discretionary awards, and Ms. Anderson does not attempt to demonstrate that Congress intended to create a scheme in which monetary awards were mandatory. Accordingly, as we established in our brief, this Court lacks jurisdiction over Ms. Anderson's claims, or, in the alternative, should grant summary judgment in favor of the defendant because of the purely discretionary and gratuitous nature of DLA's suggestion program.

## II. Ms. Anderson Fails To Demonstrate The Existence of An Implied-In-Fact Contract

Ms. Anderson effectively admits that her suggestion, as such, was never implemented. Ms. Anderson admits that the suggestion she submitted proposed that:

> that when a line is paid in SAMMS, it kick out an automatic flag to the MOCAS system, whether it is based on the FIC or another code. . . . There should definitely be a key to notify MOCAS personnel which ODO's are already paid.

PFUF,[1] ¶ 32; RPFUF[2] ¶ 32 (emphasis added) (quoting Def. App.[3] 36). Ms. Anderson further

---

[1] "PFUF" refers to the proposed findings of uncontroverted facts filed with defendant's motion to dismiss, or in the alternative, for summary judgment.

[2] "RPFUF" refers to the response to defendant's proposed findings of uncontroverted facts found at the beginning of plaintiff's response to defendant's motion to dismiss, or in the alternative, for summary judgment.

[3] "Def. App. __" refers to the appendix attached to defendant's motion to dismiss, or in the alternative, for summary judgment.

admits that the closeout problem was solved by DLA by entering SAMMS[4] contracts into MOCAS[5] with a field is coded "category 70." PFUF ¶ 41; RPFUF ¶ 41. MOCAS automatically closes out all "category 70" codes upon delivery, not payment. PFUF ¶ 42; RPFUF ¶ 42. Ms. Anderson admits that MOCAS does not receive an automatic flag from SAMMS indicating when a payment is made. PFUF ¶ 43; RPFUF ¶ 43. DLA's solution was based upon a deviation from the FAR contract close out requirements (requiring payment for close out), allowing MOCAS to close out SAMMS contract upon delivery, without any evidence of payment. PFUF ¶ 40; RPFUF ¶ 40 (admitting in part); Def. App. at 50-51, 64-76. See also FAR § 4.804-5(a)(14), (15), (b)(9); DFAR § 204.804-2(1)(iv) (regulations requiring evidence of final payment for close out).

Accordingly, it is perplexing that Ms. Anderson refuses to expressly acknowledge that her suggestion was not accepted or implemented. RPFUF ¶ 44. Rather than acknowledge that the suggestion submitted by Ms. Anderson was rejected and not implemented, as is clear from the record, Def. App. 37-49, Ms. Anderson argues that DLA effectively accepted and implemented her suggestion because she created the "logic" of a solution. Pl. Resp. 5, 10. The statute and regulation, however, do not provide for an award for the underlying "logic" of a suggestion, even assuming that Ms. Anderson's suggestion served such a catalytic function. Plaintiff cite to no DLAM provision providing for award on such a basis.

---

[4] "SAMMS" refers to the Standard Automation Material Management System computer system, which was used by DSCP to pay contracts under $100,000. PFUF ¶ 19; RPFUF ¶ 19.

[5] "MOCAS" refers to the Mechanization of Contract Administration Services computer system. The majority of contracts administered by the Defense Contract Management Agency for DLA and paid by the Defense Finance and Accounting Service were managed through MOCAS. PFUF ¶ 19; RPFUF ¶ 19.

Further, the "logic" of plaintiff's suggestion seriously differs from the "logic" of the solution. Ms. Anderson's suggestion provided for the two computer systems to talk to each other through the use of an "automatic flag." The solution does not, and is based upon the manual entry of a special field to identify SAMMS contracts in MOCAS. Ms. Anderson's suggestion provided for closeout upon payment. The solution provides for close out upon delivery.

Nor can Ms. Anderson claim a role in inspiring DLA to discover a solution to the close out problems it was facing. DLA was already working to solve these problems, and a deviation had already been issued in July 1997 from the close out upon final payment regulations, several months prior to her suggestion. See Def. App. 50-53. Indeed, the system change request ("SCR") that ultimately solved the other disbursing office close out problems was submitted in December 1997. Pl. App.[6] 3. While this is after Ms. Anderson had submitted her suggestion, it is prior to the purported approval of her suggestion to go forward. See Pl. App. 4 (purported "approval" of suggestion by Gerald Waddington in January 1998).

It is uncontested by both parties that some reviewers of Ms. Anderson's suggestion recommended that it be accepted, while others recommended it be disapproved. PFUF ¶ 35, 36; RPFUF ¶ 35, 36. In her brief, Ms. Anderson erroneously asserts that Gerald Waddington, her supervisor at Defense Supply Center – Philadelphia ("DSCP"), "approved" her suggestion. Pl. Resp. 10. The record, however, reflects that Mr. Waddington did not approve, but recommended approving the suggestion. Def. App. 4. Indeed, because Ms. Anderson's suggestion was to have an impact beyond the DSCP, upon numerous users of MOCAS and SAMMS, the input of other

---

[6] "Pl. App. __" refers to the appendix attached to plaintiff's response to our motion to dismiss, or in the alternative, for summary judgment.

users of these systems was required before any approval or disapproval was granted. PFUF ¶ 34; RPFUF ¶ 34. See Def. App. 15-16 (DLAM 1432.1, § 2-4(e), (f) (requiring that suggestions with broader application be forwarded for review)). After a complete review of the suggestion, Ms. Anderson's suggestion was disapproved by Thomas D. Ray, Assistant Executive Director of the Program Procurement Management Group at DLA's Defense Logistics Support Command.[7] Def. App. 37.

Ms. Anderson does demonstrate that there was some confusion regarding whether her suggestion was "implemented." In particular, she notes that David Schimmel, a DLA programmer, asserted that her suggestion had been "implemented." Pl. Resp. 10. Donald Andrews of DSCP also testified that Ms. Anderson's suggestion had been implemented, based primarily upon this e-mail. Def. Supp. App.[8] 2-3. However, Mr. Schimmel's statement is based upon the erroneous assumption that Ms. Anderson's suggestion was given the SCR number of USPH98 006. Pl. App. 40-41. USPH98 006, however, was not Ms. Anderson's suggestion. USPH98 006 did not provide that when a line is paid in SAMMS, it kick out an automatic flag to the MOCAS system, or notify MOCAS personnel which other dispersing offices are already paid. Instead

> SCR [USPH98 006] is to update DPACS screen USPDP242, Because DPACS automatically defaults to pay code 16, hundreds of orders against Service BOAs, which do not cite pay code 16 have had to be modified by the DCMC side.

---

[7] DSCP is a field activity of the DLA. PFUF ¶ 3; RPFUF ¶ 3.

[8] "Def. Supp. App. __" refers to the supplemental appendix attached to defendant's reply to plaintiff's response to our motion to dismiss, or in the alternative, for summary judgment.

Def. Supp. App. 6, 9-14. This SCR bears no resemblance to Ms. Anderson's suggestion. Accordingly, inquiries misidentifying SCR USPH98 006 as Ms. Anderson's suggestion led to the confused impression that her suggestion had been implemented.[9]

Further, plaintiff erroneously asserts that a number of deponents claimed that Ms. Anderson's suggestion was implemented. A careful review of the depositions, however, reveals that most of the deponents merely asserted that the manual closeout problem was solved by DLA, not that Ms. Anderson's suggestion was implemented. The only deponents to actually state that they believed that Ms. Anderson's suggestion was implemented were Donald Andrews (based upon Mr. Schimmel's e-mail, as described above, and not any personal knowledge of the solution) and the plaintiff's sister, Lilian Leone. Ms. Leone, however, only claimed that her sister's suggestion was partially implemented, based merely upon the fact that DLA now "identifies" SAMMS contracts in MOCAS. Def. Supp. App. 16-18. Ms. Leone acknowledged that SAMMs and MOCAS do not "talk" to each other. Pl. App. 21, 24; Def. Supp. App. 19-20, 22. Ms. Leone further stated that automated closeout is based upon delivery. Def. Supp. App. 24-25. Indeed, she ultimately stated that "the proposed procedure" of the suggestion was not implemented. Def. Supp. App. 26-27. Accordingly, such testimony does not actually support Ms. Anderson's case.

Finally, Ms. Anderson does not respond to the Government's contention that, even if DLAM had approved and implemented her suggestion, that she would be entitled to no more than $10,000. As noted in our initial brief, no DLA official has the statutory authority to approve

[9] Further, the existence of an SCR does not in itself mean that such system change request has been implemented.

an award in excess of $10,000. 5 U.S.C. § 4502; 5 C.F.R. §§ 451.106, 451.107(b). Ms. Anderson admits that neither the Office of Personnel Management nor the President, who would have such authority, approved any award in excess of $10,000.

In summary, plaintiff fails to demonstrate that a genuine issue of material fact exists with respect to whether her suggestion was accepted or implemented, and, indeed, admits that the solution to the close out problems experienced by DLA was very different from her suggestion. Accordingly, defendant is entitled to summary judgment.

## CONCLUSION

For the reasons above, the Court should conclude that it does not possess jurisdiction of plaintiff's complaint. In the alternative, the Court should grant summary judgment for defendant, and dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ Steven M. Mager

STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377

October 20, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 20th day of October 2005, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice