# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SIMONE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2671C |
| v. | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT[1]

Pursuant to Rule 56(h)(2), of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following response to plaintiff's proposed findings of uncontroverted fact:

1. **On November 17-18, 1997, Ms. Anderson delivered a suggestion to DLA proposing a potential solution to the contract close out problem. This suggestion was delivered to Diana Maykowskyj, Chris Bruno and Bart Hogan. Id. at 17.**

   Agrees.

2. **On November 19, 1997, the suggestion was received by the defendant. Id.**

   Agrees.

3. **The suggestion was given the highest priority due to the associated cost savings of seven million to 1.5 billion dollars annually. Id. at 17; 32.**

   Disagrees. Diana Makowskyj believed that finding a solution to the manual input of other disbursing office contracts in MOCAS should be a high priority because what she believed to be the estimated cost savings of a solution. Pl. App. 42. Further, while Ms. Makowskyj believed that solving the ODO problem would save seven million to 1.5 billion dollars annually, these figure has no empirical support. See Pl. App. 10.

---

[1] Plaintiff's response contained a "statement of disputed facts," which appears meant to serve as a "proposed finding of uncontroverted fact," although such filing does not comport with the requirements of RCFC 56(h)(2). Treating the statement of disputed facts as a RCFC 56(h)(2) proposed findings of uncontroverted facts, defendant responds herein.

4. **As part and parcel of following through with the suggestion, several individuals were assigned different tasks. Notably, Bart Hogan was tasked with completing an Automated Work Request. Id. at 17.**

Disagrees that Bart Hogan was tasked with completing an Automated Work Request implementing Ms. Anderson's suggestion as part and parcel of following through with the suggestion.

5. **On December 2, 1997, a Request for ADP Application was submitted by Gerald Waddington regarding Ms. Anderson's Suggestion. Id. at 5.**

Agrees.

6. **On December 12, 1997, Bart Hogan submitted AWR UN-00H8-004 ("AWR"), which "called for DLA ODO contract to be assigned to the contract administration report Part B to permit automatic closeout." Id. at 3; 28.**

Agrees.

7. **The AWR submitted by Bart Hogan is not subject to an incentive award. Id. at 31.**

Agrees.

8. **No documentation exists to demonstrate that this AWR pre-dated Ms. Anderson's suggestion. Id. at 29-30.**

Agrees, but avers that the necessary approval for this AWR predates Ms. Anderson's suggestion and that Ms. Anderson's suggestion had not been reviewed at the time of AWR UN-00H8-004. Pl. App. 4; Def. App. 50-53.

9. **On January 5, 1998, Ms. Anderson's suggestion was approved by Gerald Waddington. Mr. Waddington rated the value of the benefit of the suggestion as high and the extent of the application as broad. Id. at 4.**

Disagrees, with first sentence of paragraph 9, agrees with the second sentence of paragraph 9. Mr. Waddington did not, and could not, approve Ms. Anderson's suggestion. See Pl. App. 4.

10. **On February 18, 1999, Donald Andrews sent Theresa Venti an e-mail stating that according to headquarters, Ms. Anderson's suggestion had been implemented. Id. at 8.**

Agrees.

11. **On March 10, 1999, Thomas Schulkers, DSCC-BPS, disapproved Ms. Anderson's suggestion stating that the AWR is currently in testing and will permit the automatic closeout of ODO contract in MOCAS. Completion of this AWR will accomplish the idea of the suggestion. Id. at 9.**

Disagrees. Thomas Schulkers did not disapprove of Ms. Anderson's suggestion, but recommended that her suggestion be disapproved. Def. App. 9.

**12. On March 19, 1999, Patricia Clark sent Raymond Breuninger an e-mail which stated that she needed to come up with the amount of money to award to Ms. Anderson since she received an e-mail from DLA that the savings based on Ms. Anderson's suggestion was phenomenal, seven-million dollars a year across DLA. Id. at 10-11.**

Agrees. Ms. Clark also noted that such purported savings had not been verified. Def. App. 10.

**13. On April 13, 1999, Robert L. Gee, disapproved Ms. Anderson's suggestion, stating that Mr. Hogan's AWR resolves the problem by automatically closing out ODO contracts/orders in the MOCAS system thirty-days after completion date. Id. at 12.**

Disagrees. Robert Gee did not disapprove of Ms. Anderson's suggestion, but recommended that her suggestion be disapproved. Def. App. 12.

**14. On April 26, 1999, Eva Golden, DSCR-RZP reviewed Ms. Anderson's suggestion and stated that Mr. Hogan's AWR will resolve the problem. Id. at 13.**

Agrees.

15. **On June 3, 1999, Donald Andrews send Venetta Stewart and e-mail stating that the program was completed and functional at DISC and released to DSCC and DSCR for installation and as such it was impossible for DLA and the other ICPS to deny the suggestion. Id. at 14.**

Agrees, but avers that Mr. Andrews was referencing the wrong SCR number. Def. App. 14.

16. **On June 16, 1999, Raymond Breuninger sent Donald Andrews an e-mail regarding tentative installation of the automatic closeout program to the District East database MOCH for July 10, 1999 and District West MOCL database for July 17, 1999. Id. at 15.**

Agrees.

17. **Ultimately, Ms. Anderson's suggestion was implemented by creating logic that whenever MOCAS sees a value of "70" in field R9, the contract will automatically move from one section of MOCAS to a separate section of MOCAS that will trigger an automatic closeout. Id. at 21-26; 36.**

Disagrees. Ms. Anderson's suggestion was never approved or implemented, and the citations provided do not support the plaintiff's proposed finding. See also Def. App. 54-60.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377

October 20, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 20th day of October 2005, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice