No. 03-2671C
Judge Allegra

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

SIMONE ANDERSON,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

---

PLAINTIFF'S SUPPLEMENTAL RESPONSIVE BRIEF TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, WITH ATTACHED APPENDIX PER COURT'S FEBRUARY 13, 2006 ORDER

---

Respectfully submitted,

/s/ Matthew V. Portella, Esquire
PORTELLA & BJORKLUND, LLC
126 White Horse Pike
Haddon Heights, New Jersey 08035
856-310-9800
(Fax): 856-546-4711
mvpmusic@comcast.net

March 13, 2006

Attorneys for Plaintiff

**TABLE OF CONTENTS**

**PAGE**

PLAINTIFF'S RECITAL OF FACTS AND ARGUMENT................................ 1

The Defendant is Required to Award Plaintiff a Monetary Award Based Upon its Evaluation, Acceptance and Implementation of the Plaintiff's Suggestion............................... 1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SIMONE ANDERSON, | : | |
| Plaintiff, | : | |
| v. | : | No. 03-2671C<br>(Judge Allegra) |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

## PLAINTIFF'S RECITAL OF FACTS AND ARGUMENT

### The Defendant is Required to Award Plaintiff a Monetary Award Based Upon its Evaluation, Acceptance and Implementation of the Plaintiff's Suggestion

For purposes of the instant brief, the plaintiff shall rely upon the Response to Defendant's Proposed Findings of Uncontroverted Fact and Recital of Disputed Facts as set forth in its original responsive brief as well as upon the following additional facts. The issue at bar is whether the defendant's representatives, in particular Gerald Waddington and Patricia Clark, possessed the authority to bind the government to issue a monetary award to Ms. Anderson for her suggestion number 98-DP-008, attached as Pla. Orig. App. 1. [1]

The Defense Logistics Agency ("DLA") administers an employee suggestion program pursuant to 5 U.S.C. §4501, et seq. through its personnel manual, the Defense Logistics Agency Manual ("DLAM") and in particular the Superior Accomplishment Awards Program.

[1] "Pla. Orig. App. ___" refers to the Appendix attached to Plaintiff's original response brief to Defendant's Motion to Dismiss, or any Alternative, for Summary Judgment.

See, Def. App. 1-31.[2] The DLAM sets forth the responsibilities of the various administrative heads of the DLA concerning the defendant's employee suggestion program. For example:

> d. *DLA supervisory and management personnel* are responsible for prompt evaluation of suggestions and ideas referred to them for review and prompt initiation of award recommendations for those employees whose efforts entitle them to consideration for recognition under the program.
>
> See Def. App. 4-5, §1-5 (Responsibilities)(emphasis added).

The defendant may grant an award when "(1) A contribution benefiting DLA/Government has been described in writing, approved by the benefiting organization at, as a minimum, a management level higher than the individual who recommended the award or use of the suggestion or invention." See Def. App. 6, §1-7a(1)(Criteria for Granting Awards). Cash awards are granted to employees or members of the defendant based on both tangible monetary savings as well as intangible benefits. See Def. App. 7, §1-8a (Amount of Cash Awards). The approval of cash awards are delegated to certain defense representatives as follows:

> a. Heads of DLA PLFAs [primary level field activities] are delegated authority to approve cash awards under this program not in excess of the amounts shown below when the award is based on:
>
> (1) Tangible benefits - $5,000.
> (2) Intangible benefits - $2,500.
>
> See Def. App. 10-11, §1-13a (Delegation of Authority to Approved Cash Awards).

The Director, DLA, maintains authority to approve cash awards not exceeding $10,000. See Def. App. 12, §1-14a (Awards Over $10,000). Awards in excess of that amount may be approved by the Director, Office of Personnel Management. Id. An additional award may be

[2] "Def. App. ___" refers to the appendix attached to defendant's original brief in support of its motion.

approved by the President of the United States of America. Id. When a suggestion is considered desirable and practical but cannot be adopted locally, the office of primary interest will forward the suggestion together with an evaluation to the next higher office of primary interest. See Def. App 15, §2-4e (Evaluation of Suggestions). "*However, no such suggestions should be routinely forwarded to HQ, DLA for evaluation*." Id. (emphasis added).

Finally, each PLFA may establish Incentive Awards Committees. See Def. 8, App. §1-10a (Incentive Awards Committees). An individual within the personnel office will be appointed to serve as the executive secretary of the committee and as program administrator. Id. at 9, 1-10f (Executive Secretaries). The executive secretary specifically 1) ""[e]valuates the program in various organizational elements, including the analysis of results and trends, and appraisal of reactions of employees, supervisors, and management officials" (Id. at 1-10f(3)), 2) "[m]onitors award actions for adherence to DLA policy standards and criteria and assures that the file completely documents the basis for each award" (Id. at 1-10f(7)) and 3) "[a]rranges for payment of awards, preparation of award certificates, and coordinates award presentations." (Id. at 1-10f(8)).

The defendant has conceded that Gerald Waddington was the applicable Head of the PLFA. Mr. Waddington worked for the Defense Personnel Supply Center and was a Systems Analyst for the Clothing and Textiles division. See Pla. Orig. App. 4-5. He therefore had the authority to approve an award in this matter of up to $5,000. See Def. App. 10-11, §1-13a (Delegation of Authority to Approved Cash Awards). Mr. Waddington evaluated Ms. Anderson's suggestion and approved it totally. See, Pla. Orig. App. 4. His opinion was that the intangible benefits from the suggestion were "high" and "broad". Id. Mr. Waddington

possessed the authority to bind the defendant into giving Ms. Anderson a cash award for her suggestion. He did so by totally approving the suggestion in writing.

Thereafter, Patricia Clark from FBMR e-mailed Raymond Breuninger, an employee of the Defense Personnel Support Center ("DPSC"), which is now known as Defense Supply Center of Philadelphia ("DSCP"). See, Pla. Supp. App. 1-2.[3] Ms. Clark's e-mail, dated March 19, 1999, advised Mr. Breuninger that she was to come up with an amount of money for Ms. Anderson's cash award. See, Pla. Orig. App. 10. She advised that she received an e-mail from DLA informing that the savings to DCMC from Ms. Anderson's suggestion were "phenomenal - $7 million a year across DLA". Id. She advised that she needed assistance verifying the amount of the savings. Id.

Ms. Clark held the position of authority within the Clothing and Textiles division of the DLA concerning the employee suggestion program. In essence, she was responsible for that directorate's suggestions. See, Pla. Supp. App. 3-4. Her actions demonstrate 1) that the DLA recognized Ms. Anderson suggestion and its value to the government and 2) that she maintained the authority to bind the defendant into giving Ms. Anderson a cash award. Although the DLAM does not specifically identify any individual by name who possesses the authority to grant awards, it is clear that Ms. Clark was acting as an executive secretary for an Incentive Award Committee. Why else would she have sent the e-mail to Mr. Breuninger inquiring as to the amount of savings? She was evaluating Ms. Anderson's suggestion and the program which the defendant instituted in connection with it as well as the results and trends and employees

---

[3] "Pla. Supp. App. ___" refers to Plaintiff's Supplemental Appendix attached to this Supplemental Brief.

reactions. As such, she was acting under the authority set forth in the DLAM to bind the defendant into granting Ms. Anderson a cash award. No other reason for her actions and inquiry exists. Accordingly, the defendant is required to give Ms. Anderson a cash award for the "phenomenal" savings which she caused the defendant.

In addition, Ms. Clark references in her e-mail that the DLA informed her of the tremendous amount of savings the defendant would realize from the suggestion. It is clear that it was therefore considered desirable and practical and that it was sent to the DLA for evaluation for global, rather than local adoption. See, Def. App 15. Every fact and aspect of this case leads to the conclusion that the defendant evaluated, adopted and implemented Ms. Anderson's suggestion. Every fact and aspect of this case leads to the conclusion that the defendant was of the opinion the Ms. Anderson was entitled to and should be given a significant cash award. Unfortunately, the defendant failed to follow through and breached its obligation to Ms. Anderson. Based upon the foregoing, the defendant's motion must be denied.

Respectfully submitted,

/s/ Matthew V. Portella, Esquire

Matthew V. Portella, Esquire
PORTELLA & BJORKLUND, LLC
126 White Horse Pike
Haddon Heights, New Jersey 08035
856-310-9800
(Fax): 856-546-4711
mvpmusic@comcast.net

Attorneys for Plaintiff

**CERTIFICATE OF FILING**

I hereby certify that on the 13th day of March 2006, a copy of the foregoing Plaintiff's Supplemental Responsive Brief to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, with Attached Appendix per Court's February 13, 2006 Order" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Matthew V. Portella, Esquire

Matthew V. Portella, Esquire
PORTELLA & BJORKLUND, LLC
126 White Horse Pike
Haddon Heights, New Jersey 08035
856-310-9800
(Fax): 856-546-4711
mvpmusic@comcast.net

Attorneys for Plaintiff